# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| **Carrington Mortgage Services, LLC** | CIVIL ACTION NO: |
| **Plaintiff** | COMPLAINT |
| vs. | RE:<br>8 Red`s Way, Raymond, ME 04071 |
| **Christopher E. Whitney and Christina E. Emery** | Mortgage:<br>**August 5, 2008**<br>**Book 26261, Page 279** |
| **Defendants** | |

NOW COMES the Plaintiff, Carrington Mortgage Services, LLC, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendants, Christopher E. Whitney and Christina E. Emery, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendants are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by Carrington Mortgage Services, LLC, in which the Defendants, Christopher E. Whitney and Christina E. Emery, are the obligor and the total amount owed under the terms of the Note is Three Hundred Forty-Three Thousand Four Hundred Sixty-Four and 39/100

($343,464.39) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. Carrington Mortgage Services, LLC is a corporation with its principal place of business located at 1600 South Douglass Road, Suite 200-A, Anaheim, CA 92806.

5. The Defendant, Christina E. Emery, is a resident of Raymond, County of Cumberland and State of Maine.

6. The Defendant, Christopher E. Whitney, is a resident of Raymond, County of Cumberland and State of Maine.

## FACTS

7. On August 5, 2008, by virtue of a Warranty Deed from Maria M. Tar, which is recorded in the Cumberland County Registry of Deeds in **Book 26261, Page 276**, the property situated at 8 Red`s Way, County of Cumberland, and State of Maine, was conveyed to Christopher E. Whitney and Christina E. Emery, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

8. On August 5, 2008, Defendants, Christopher E. Whitney and Christina E. Emery, executed and delivered to Taylor, Bean & Whitaker Mortgage Corp. a certain Note under seal in the amount of $178,571.00. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

9. To secure said Note, on August 5, 2008, Defendants, Christina E. Emery and Christopher E. Whitney executed a Mortgage Deed in favor of Mortgage Electronic Registration Systems, Inc., as nominee for Taylor, Bean & Whitaker Mortgage Corp, securing the property located at 8 Red`s Way, Raymond, ME 04071 which Mortgage Deed is recorded in the Cumberland County Registry of Deeds in **Book 26261**, **Page 279**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

10. The Mortgage was then assigned to BAC Home Loans Servicing, LP by virtue of an Assignment of Mortgage dated August 20, 2010 and recorded in the Cumberland County Registry of Deeds in **Book 28028**, **Page 213**. *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

11. The Mortgage was then assigned to Bank of America, N.A., Successor by Merger to BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP by virtue of an Assignment of Mortgage dated February 25, 2012 and recorded in the Cumberland County Registry of Deeds in **Book 29398**, **Page 215**. *See* Exhibit E (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

12. The Mortgage was then assigned to Bank of America, N.A. by virtue of an Assignment of Mortgage dated June 12, 2013 and recorded in the Cumberland County Registry of Deeds in **Book 30778**, **Page 30**. *See* Exhibit F (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

13. The Mortgage was then assigned to Carrington Mortgage Services, LLC by virtue of an Assignment of Mortgage dated July 20, 2015 and recorded in the Cumberland County Registry of Deeds in **Book 32468**, **Page 72**. *See* Exhibit G (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

14. The Mortgage was further assigned to Carrington Mortgage Services, LLC by virtue of a Quitclaim Assignment dated November 3, 2015 and recorded in the Cumberland County Registry of Deeds in **Book 32724**, **Page 145**. *See* Exhibit H (a true and correct copy of the Quitclaim Assignment is attached hereto and incorporated herein).

15. On February 13, 2019, the Defendants, Christopher E. Whitney and Christina E. Emery, were sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter"). *See* Exhibit I (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

16. The Demand Letter informed the Defendants, Christopher E. Whitney and Christina E. Emery, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit I.

17. The Defendants, Christopher E. Whitney and Christina E. Emery, failed to cure the default prior to the expiration of the Demand Letter.

18. The Plaintiff, Carrington Mortgage Services, LLC, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

19. The Plaintiff, Carrington Mortgage Services, LLC, is the lawful holder and owner of the Note and Mortgage.

20. The Plaintiff, Carrington Mortgage Services, LLC, hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 were strictly performed.

21. The total debt owed under the Note and Mortgage as of February 28, 2020 is Three Hundred Forty-Three Thousand Four Hundred Sixty-Four and 39/100 ($343,464.39) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $240,555.41 |
| Interest | $15,128.24 |
| Deferred Amounts | $83,574.38 |
| Escrow Balance | $3,776.36 |
| Corporate Advance | $430.00 |
| Grand Total | $343,464.39 |

22. Upon information and belief, the Defendants, Christopher E. Whitney and Christina E. Emery, are presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE AND SALE

23. The Plaintiff, Carrington Mortgage Services, LLC, repeats and re-alleges paragraphs 1 through 22 as if fully set forth herein.

24. This is an action for foreclosure and sale respecting a real estate related Mortgage and title located at 8 Red`s Way, Raymond, County of Cumberland, and State of Maine. *See* Exhibit A.

25. The Plaintiff, Carrington Mortgage Services, LLC, is the holder of the Note referenced in Paragraph 8 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, Carrington Mortgage Services, LLC, has the right to foreclosure and sale upon the subject property.

26. The Plaintiff, Carrington Mortgage Services, LLC, is the current owner and investor of the aforesaid Mortgage and Note.

27. The Defendants, Christina E. Emery and Christopher E. Whitney, are presently in default on said Mortgage and Note, having failed to make the monthly payment due December 1, 2018, and all subsequent payments, and, therefore, have breached the condition of the aforesaid Mortgage and Note.

28. The total debt owed under the Note and Mortgage as of February 28, 2020 is Three Hundred Forty-Three Thousand Four Hundred Sixty-Four and 39/100 ($343,464.39) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $240,555.41 |
| Interest | $15,128.24 |
| Deferred Amounts | $83,574.38 |
| Escrow Balance | $3,776.36 |
| Corporate Advance | $430.00 |
| Grand Total | $343,464.39 |

29. The record established through the Cumberland County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

30. By virtue of the Defendants, Christina E. Emery and Christopher E. Whitney's breach of condition, the Plaintiff hereby demands a foreclosure and sale on said real estate.

31. Notice in conformity with 14 M.R.S.A. §6111 was sent to the Defendants, Christopher E. Whitney and Christina E. Emery, on February 13, 2019, evidenced by the Certificate of Mailing. *See* Exhibit I.

32. The Defendants, Christopher E. Whitney and Christina E. Emery, are not in the Military as evidenced by the attached Exhibit J.

## COUNT II – BREACH OF NOTE

33. The Plaintiff, Carrington Mortgage Services, LLC, repeats and re-alleges paragraphs 1 through 32 as if fully set forth herein.

34. On August 5, 2008, the Defendants, Christopher E. Whitney and Christina E. Emery, executed under seal and delivered to Taylor, Bean & Whitaker Mortgage Corp. a certain Note in the amount of $178,571.00. *See* Exhibit B.

35. The Defendants, Christopher E. Whitney and Christina E. Emery, are in default for failure to properly tender the December 1, 2018 payment and all subsequent payments. *See* Exhibit I.

36. The Plaintiff, Carrington Mortgage Services, LLC, is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendants, Christopher E. Whitney and Christina E. Emery.

37. The Defendants, Christopher E. Whitney and Christina E. Emery, having failed to comply with the terms of the Note and Mortgage, are in breach of both the Note and the Mortgage.

38. The Defendants Christopher E. Whitney and Christina E. Emery's breach is knowing, willful, and continuing.

39. The Defendants Christopher E. Whitney and Christina E. Emery's breach has caused Plaintiff Carrington Mortgage Services, LLC to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

40. The total debt owed under the Note and Mortgage as of February 28, 2020, if no payments are made, is Three Hundred Forty-Three Thousand Four Hundred Sixty-Four and 39/100 ($343,464.39) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $240,555.41 |
| Interest | $15,128.24 |
| Deferred Amounts | $83,574.38 |
| Escrow Balance | $3,776.36 |
| Corporate Advance | $430.00 |
| Grand Total | $343,464.39 |

41. Injustice can only be avoided by awarding damages for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees.

## COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

42. The Plaintiff, Carrington Mortgage Services, LLC, repeats and re-alleges paragraphs 1 through 41 as if fully set forth herein.

43. By executing, under seal, and delivering the Note, the Defendants, Christopher E. Whitney and Christina E. Emery, entered into a written contract with Taylor, Bean & Whitaker Mortgage Corp. who agreed to loan the amount of $178,571.00 to the Defendants. *See* Exhibit B.

44. As part of this contract and transaction, the Defendants, Christina E. Emery and Christopher E. Whitney, executed the Mortgage to secure the Note and the subject property. *See* Exhibit C.

45. The Plaintiff, Carrington Mortgage Services, LLC, is the proper holder of the Note and successor-in-interest to Taylor, Bean & Whitaker Mortgage Corp., and has performed its obligations under the Note and Mortgage.

46. The Defendants, Christina E. Emery and Christopher E. Whitney, breached the terms of the Note and Mortgage by failing to properly tender the December 1, 2018 payment and all subsequent payments. *See* Exhibit I.

47. The Plaintiff, Carrington Mortgage Services, LLC, is the proper holder of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendants, Christopher E. Whitney and Christina E. Emery.

48. The Defendants, Christina E. Emery and Christopher E. Whitney, having failed to comply with the terms of the Note and Mortgage, are in breach of contract.

49. The Defendants, Christina E. Emery and Christopher E. Whitney, are indebted to Carrington Mortgage Services, LLC in the sum of Three Hundred Forty-Three Thousand Four Hundred Sixty-Four and 39/100 ($343,464.39) Dollars, for money lent by the Plaintiff, Carrington Mortgage Services, LLC, to the Defendants.

50. Defendants Christina E. Emery and Christopher E. Whitney's breach is knowing, willful, and continuing.

51. Defendants Christina E. Emery and Christopher E. Whitney's breach has caused Plaintiff, Carrington Mortgage Services, LLC, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

52. The total debt owed under the Note and Mortgage as of February 28, 2020, if no payments are made, is Three Hundred Forty-Three Thousand Four Hundred Sixty-Four and 39/100 ($343,464.39) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $240,555.41 |
| Interest | $15,128.24 |
| Deferred Amounts | $83,574.38 |
| Escrow Balance | $3,776.36 |
| Corporate Advance | $430.00 |
| Grand Total | $343,464.39 |

53. Injustice can only be avoided by awarding damages for the total amount owed under the Note and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

## COUNT IV – QUANTUM MERUIT

54. The Plaintiff, Carrington Mortgage Services, LLC, repeats and re-alleges paragraphs 1 through 53 as if fully set forth herein.

55. Taylor, Bean & Whitaker Mortgage Corp., predecessor-in-interest to Carrington Mortgage Services, LLC, loaned Defendants, Christopher E. Whitney and Christina E. Emery, $178,571.00. *See* Exhibit B.

56. The Defendants, Christina E. Emery and Christopher E. Whitney, are in default for failure to properly tender the December 1, 2018 payment and all subsequent payments. *See* Exhibit I.

57. As a result of the Defendants Christina E. Emery and Christopher E. Whitney's failure to perform under the terms of their obligation, the Defendants, should be required to compensate the Plaintiff, Carrington Mortgage Services, LLC.

58. As such, the Plaintiff, Carrington Mortgage Services, LLC, is entitled to relief under the doctrine of *quantum meruit*.

## COUNT V –UNJUST ENRICHMENT

59. The Plaintiff, Carrington Mortgage Services, LLC, repeats and re-alleges paragraphs 1 through 58 as if fully set forth herein.

60. Taylor, Bean & Whitaker Mortgage Corp., predecessor-in-interest to Carrington Mortgage Services, LLC, loaned the Defendants, Christopher E. Whitney and Christina E. Emery, $178,571.00. *See* Exhibit B.

61. The Defendants, Christina E. Emery and Christopher E. Whitney, have failed to repay the loan obligation.

62. As a result, the Defendants, Christina E. Emery and Christopher E. Whitney, have been unjustly enriched to the detriment of the Plaintiff, Carrington Mortgage Services, LLC as successor-in-interest to Taylor, Bean & Whitaker Mortgage Corp. by having received the aforesaid benefits and money and not repaying said benefits and money.

63. As such, the Plaintiff, Carrington Mortgage Services, LLC, is entitled to relief.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, Carrington Mortgage Services, LLC, prays this Honorable Court:

a) Issue a judgment of foreclosure in conformity with Title 14 § 6322;

b) Grant possession to the Plaintiff, Carrington Mortgage Services, LLC, upon the expiration of the period of redemption;

c) Find that the Defendants, Christopher E. Whitney and Christina E. Emery, are in breach of the Note by failing to make payment due as of December 1, 2018, and all subsequent payments;

d) Find that the Defendants, Christina E. Emery and Christopher E. Whitney, are in breach of the Mortgage by failing to make payment due as of December 1, 2018, and all subsequent payments;

e) Find that the Defendants, Christina E. Emery and Christopher E. Whitney, entered into a contract for a sum certain in exchange for a security interest in the subject property;

f) Find that the Defendants, Christina E. Emery and Christopher E. Whitney, are in breach of contract by failing to comply with the terms and conditions of the Note and Mortgage by failing to make the payment due December 1, 2018 and all subsequent payments;

g) Find that the Plaintiff, Carrington Mortgage Services, LLC, is entitled to enforce the terms and conditions of the Note and Mortgage;

h) Find that by virtue of the money retained by the Defendants, Christina E. Emery and Christopher E. Whitney have been unjustly enriched at the Plaintiff's expense;

i) Find that such unjust enrichment entitles the Plaintiff, Carrington Mortgage Services, LLC, to restitution;

j) Find that the Defendants, Christina E. Emery and Christopher E. Whitney, are liable to the Plaintiff, Carrington Mortgage Services, LLC, for money had and received;

k) Find that the Defendants, Christina E. Emery and Christopher E. Whitney, are liable to the Plaintiff for quantum meruit;

l) Find that the Defendants, Christina E. Emery and Christopher E. Whitney, have appreciated and retained the benefit of the Mortgage and the subject property;

m) Find that it would be inequitable for the Defendants, Christina E. Emery and Christopher E. Whitney, to continue to appreciate and retain the benefit of the Mortgage, Note and subject property without recompensing the appropriate value;

n) Find that the Plaintiff, Carrington Mortgage Services, LLC, is entitled to restitution for this benefit from the Defendants, Christina E. Emery and Christopher E. Whitney;

o) Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees and court costs;

p) Additionally, issue a money judgment against the Defendants, Christina E. Emery and Christopher E. Whitney, and in favor of the Plaintiff, Carrington Mortgage Services, LLC, in the amount of Three Hundred Forty-Three Thousand Four Hundred Sixty-Four and 39/100 ($343,464.39 Dollars, the total debt owed under the Note plus interest and costs including attorney's fees and costs;

q) For such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,
Carrington Mortgage Services, LLC,
By its attorneys,

Dated: March 2, 2020

/s/ John A. Doonan, Esq.
/s/ Reneau J. Longoria, Esq.
John A. Doonan, Esq., Bar No. 3250
Reneau J. Longoria, Esq., Bar No. 5746
Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 225D
Beverly, MA 01915
(978) 921-2670
JAD@dgandl.com
RJL@dgandl.com